UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MAXINNE RENNSPIES,

  *Rennspies*,

v.                                         Case No. SA-23-CV-00858-JKP

FREEDOM MORTGAGE CORPORA-
TION,

  *Freedom Mortgage*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Freedom Mortgage's (Freedom Mortgage) Motion to Dismiss for Failure to State a Claim. *ECF No. 4*. Plaintiff Maxinne Rennspies did not respond. Upon consideration, the Court concludes the Motion shall be GRANTED as unopposed. Rennspies's causes of action that may be asserted based upon the facts supporting this action are DISMISSED WITH PREJUDICE.

### Background

Rennspies filed this action on June 2, 2023, in state court, Freedom Mortgage removed it to this Court on July 11, 2023. The allegations in Rennspies's Original Petition and Application for Temporary Restraining Order relate to her default under the terms of a loan agreement and the foreclosure of a deed of trust lien on real property. In her Petition, Rennspies admits default on the loan agreement, yet alleges Freedom Mortgage caused the default by rejecting a monthly autopay.

Based on these allegations, Rennspies requests injunctive relief to prevent a pending foreclosure and breach of contract. Freedom Mortgage filed this Motion to Dismiss, and Rennspies failed to respond.

### Legal Standard

**Failure to Respond**

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, *2. Under the circumstances of this case, the Court declines to apply Local Rule 7(d)(2), which would allow granting this dispositive motion as unopposed. Instead, the Court will examine the merits of the Motion to Dismiss.

**Motion to Dismiss**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ulti-

mately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to

3

amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## Discussion

Review of the Petition in the light most favorable to Rennspies reveals she failed to state a claim upon which relief can be granted. Rennspies's request for injunctive relief fails because the foreclosure sale that was scheduled for June 6, 2023 was cancelled by Freedom Mortgage, and it asserts no future foreclosure sale is currently scheduled.

In Texas, the elements of a breach of contract cause of action are: (1) the existence of a valid contract; (2) Rennspies performed or tendered performance; (3) Freedom Mortgage breached the contract; and (4) Rennspies was damaged as a result of the breach. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 288 (5th Cir. 2004). A breach of contract cause of action based on a loan agreement must identify the provision breached. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).

Rennspies does not provide an explanation as to how Freedom Mortgage breached the loan agreement contract or what provision it breached. While a more careful or detailed drafting might overcome the deficiencies on the breach of contract cause of action, the Court will not provide an opportunity to amend because Rennspies, who is represented by counsel, did not respond to the Motion to Dismiss. *See Hitt,* 561 F.2d at 608–09.

## Conclusion

Construing the facts as alleged in the light most favorable to Rennspies and in consideration of applicable law, Freedom Mortgage's Motion to Dismiss is **GRANTED as unopposed.**

It is so ORDERED.
SIGNED this 7th day of August, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE